HEARD NOVEMBER TERM, 1878.

CASE No. 689.

THE STATE v. JOSEPH STEPHENS.

1. Defects in the panel, or in individual jurors, not apparent on the record and requiring proof *aliunde*, cannot be considered on appeal, unless objection was made and exception taken, before the swearing of the jury.
2. The same defects not objected to, but apparent upon the record, may be considered on a motion in arrest of judgment; and in the Circuit Court, irregularities in the *venire facias*, or in the drawing, summoning or impaneling of jurors, by which the party has been prejudiced, may be objected to at any time before the verdict is returned.
3. The Circuit Court has no power to issue a *venire* for talesmen. *State* v. *Williams*, 2 *Hill* 381, *approved.*
4. A Circuit judge has no power to vacate the seat of a juror who has been sworn in a criminal case, on proof of facts occurring beyond the presence of the court.

Before ALDRICH, J., at Edgefield, June Term, 1878.

The defendant was indicted for murder. There was a deficiency of twenty jurors, and the "five-mile apartment" being exhausted the deficiency was ordered to be supplied from the "other apartments." From the affidavit of the jury-commissioner, made after the trial, it appeared that the board in drawing from the other apartment did not confine themselves to the names of such persons as lived within five miles of the court-house. The sheriff summoned these jurors by verbal order. No *venire* was issued. Before the panel was complete, a recess was taken, during which a juror sworn in the case, was heard to say that he was opposed to hanging anybody, because he himself might be hanged some day. When the recess was over, this was reported to the court; and the juror, being interrogated by the judge, repeated what he had said. The juror was not re-sworn on his *voir dire*, but was discharged, to which appellant objected, on the ground that it was too late to raise any objection to the juror. The appellant exercised his right of twenty challenges, and made no application for another.

After the testimony was closed, the appellant's attorney raised, at the beginning of his argument, the point that the court had no right to pass the order for the twenty additional jurors; and if so, that they should be such as lived within five miles of the court-house, and that no *venire* was issued for them. These objections were deferred and made afterwards in arrest of judgment, together with the objection as to discharging the juror; and they were severally overruled.

The defendant was convicted and sentenced to be hanged.

An appeal was taken to this court upon the following grounds:

1. That the court erred in overruling motion to arrest judgment in the said case, when the said motion was made upon the following grounds, to wit: The jury that tried the said case was not drawn, summoned and impaneled according to law in such cases made and provided.

2. That after a juror had been called and not objected to by either the state or the prisoner, and sworn to try the case, he was ordered to stand aside, without being examined upon his *voir dire*, and the prisoner was, under the circumstances, allowed only twenty challenges.

*Mr. B. W. Bettis, Jr.*, for appellant.

*Mr. Solicitor Abney*, for respondent.

March 3d, 1879. The opinion of the court was delivered by

WILLARD, C. J. The appellant alleges irregularities in the drawing, summoning and impaneling of the petit jury. It does not appear that there was any challenge to the array or to the poll, but the jurors were sworn without objection. So far as the present objection is raised on matters not appearing on the record, and such as could only be brought to the notice of the court by proof beyond the record of the facts alleged, it cannot be considered on appeal, for the want of objection and exception in due time. It is too late to allege such defects, either in the panel or in individual jurors, after the swearing of the jury. *State* v. *Williams*, 2 *Hill* 381; *King* v. *Hunt*, 2 *B. & Ald.* 430; *Queen* v. *Hepbam,* 7 *Cranch* 290; *Amherst* v. *Hadley*, 1 *Pick.* 39.

Where the defect appears upon the record, it may be the subject of a motion in arrest, though not previously objected to, as where there is a fatal defect in the *venire*, (*State* v. *Dozier*, 2 *Spears* 211; *State* v. *Williams*, 1 *Rich.* 188;) so where a defect in the authority of the court ordering the drawing appears on the record. *State* v. *Jennings*, 15 *Rich.* 42; *State* v. *Pratt*, 15 *Rich.* 47. Relief may, however, be granted by the court of original jurisdiction, although such objection was not taken in time, but that relief is in the discretion of the court, and will not be granted unless it appears that the party has been prejudiced by the matters complained of. *King* v. *Hunt*, 2 *B. & Ald.* 430; *Hill* v. *Yates*, 12 *East* 229. In *Kennedy* v. *Williams*, 2 *N. & McC.* 79, a new trial was granted where the objection to a juror could not be taken in due time, as the knowledge of the facts had not come to the party making the objection until after the time had elapsed for making such objection. It will be borne in mind that that court had authority to grant new trials on the grounds that were available in a court of original jurisdiction, whereas this court is limited to the correction of errors of law in such cases, and is clothed with no discretionary power on appeals in such cases. *State* v. *Baily*, 1 *S. C.* 1. But such objection is required (*Gen. Stat.* 523,) to be taken before the returning of the verdict when it involves irregularity in the *venire facias*, or in the drawing, returning or impaneling of jurors in order to set aside a verdict, in addition to showing that the party has been prejudiced by such irregularity. So far, then, as the objection of the appellant relates to the proceedings for the drawing, summoning and impaneling of the jury, it cannot be heard, for want of objection and exception in due time.

The appellant objects that the record is defective in not showing that a *venire* was issued for the summoning of talesmen. In *State* v. *Williams*, 2 *Hill* 381, it was held that a *venire* could not be issued for talesmen, under the acts of 1731 and 1769. *Brev. Dig.* 446. The act of 1877 so clearly resembles the portion of the act of 1769 considered by the court, that the decision of the court in *State* v. *Williams* may be regarded as equally applicable to the one as to the other of these acts. The conclusion in that case was, that, independent of some statute authority, the

x

court had no power to issue a *venire* for talesmen, and that the act relied on furnished no such authority. The act of 1877 confers no such authority, directly or indirectly, but only makes mention of drawing, summoning and returning in connection with duties thereby imposed. The preceding practice, therefore, remained unchanged, and *State* v. *Williams* is conclusive authority. This objection must be overruled.

It appears by the record that a juror who had been sworn without objection was set aside by the court on its own motion, and another drawn to fill his place. The ground of such action was the oral admission of the juror, in answer to a question put by the court, that he had said, pending the trial, "that he, the juror, was opposed to hanging anybody, because he, the juror, himself might be hanged some day." Improper language by a juror in a criminal case, indicating hostility to a party on trial before him, has been held good ground for a new trial. *State* v. *Hopkins*, 1 *Bay* 365; see, also, *Dent* v. *Hartford*, 2 *Salk.* 645. It cannot admit of reasonable doubt that if proper evidence of such a fact as would justify the court in granting a new trial, should be brought to the notice of the court during the progress of a criminal trial, a juror might be withdrawn and the trial proceed *de novo.* We know of no authority, however, for vacating the seat of a juror after he has been sworn, and calling another to occupy his place, by the authority of the court acting on proof of facts occurring beyond the presence of the court. No authority for such practice has been brought to our attention, and on principle it appears subversive of sound practice. It might open the door to the exercise of undue authority on the part of courts.

There must be a new trial, on the ground last stated.

New trial granted.

McIVER and HASKELL, A. J.'s, concurred.